**Carlos Miguel DIAZ, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–4240.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 5, 2009.

Opinion filed: Aug. 6, 2009.

---

Carlos Miguel Diaz, Philipsburg, PA, pro se.

Thomas W. Hussey, Esq., Justin R. Markel, Esq., Michael B. Mukasey, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Carlos Diaz seeks review of a final order of removal of the Board of Immigration Appeals ("BIA") issued on September 22, 2008. In its order, the BIA affirmed the Immigration Judge's ("IJ") finding that Diaz is ineligible for any relief under the Immigration and Nationality Act ("INA") because he has been convicted of an aggravated felony. We will deny the petition for review.

### I.

Diaz is a native and citizen of the Dominican Republic. He was admitted into the United States on or about June 10, 1998, as a lawful permanent resident. On November 9, 2006, in the United States District Court for the District of Rhode Island, Diaz plead guilty to, and was convicted of, Conspiracy to Possess with Intent to Distribute 500 or more grams of Cocaine, under 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), for which he was sentenced to 51 months of incarceration. Therefore, removal proceedings were instituted against him. Before the Immigration Judge ("IJ"), Diaz, through counsel, admitted the facts as alleged in the Notice to Appear, and acknowledged that his conviction constitutes an aggravated felony. The Government submitted several conviction records to prove Diaz's conviction, including the sentencing transcript, indictment, judgment, and presentence investigation report.

In an oral decision issued on June 23, 2008, the IJ ruled that the Government proved that Diaz was removable by clear and convincing evidence, and that Diaz is statutorily ineligible for relief from removal because of his federal drug trafficking conviction. Diaz timely appealed to the Board of Immigration Appeals ("BIA"),

and filed a motion to reconsider with the Immigration Court. For the first time, Diaz requested relief under former INA § 212(c) (1994) (repealed), as well as a waiver of removability under INA § 212(h). He contended that the IJ erred by not exercising his discretion on account of the alleged hardship his removal would cause his family, and that this amounted to a due process violation. He did not argue that his conviction did not constitute an aggravated felony. On September 22, 2008, the BIA dismissed his appeal because section 212(c) relief was not available to Diaz given that he was convicted after the April 1, 1997 effective date of Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") section 304(b),[1] as well as because § 212(h) waivers are not available to aliens who have been convicted of an aggravated felony. The instant petition for review followed.

## II.

This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). However, our jurisdiction in this case is limited by 8 U.S.C. § 1252(a)(2)(C) (stating that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in this section ... 1227(a)(2)(A), [or] (B) ... of this title") to considering only legal and constitutional claims under § 1252(a)(2)(D). We also lack jurisdiction, pursuant to § 1252(a)(2)(B), to review discretionary denials of waivers of removal under INA § 212(h), as well as a discretionary denial of adjustment of status unless the petition raises a cognizable legal or constitutional question concerning that determination. See Romanishyn v. Attorney General, 455 F.3d 175, 180 (3d Cir. 2006).

To the extent that Diaz raises a legal question—whether he is statutorily eligible for a waiver of removal under INA § 212(h)—we exercise jurisdiction. We review the BIA's legal decisions de novo. Id.

■ Upon review of the record, we agree with the BIA that Diaz is statutorily ineligible for a section 212(h) waiver. Drug trafficking crimes, such as that committed by Diaz, are considered aggravated felonies. See 8 U.S.C. § 1101(a)(43)(B) (defining aggravated felony as including drug trafficking crimes); 18 U.S.C. § 924(c)(2) (defining drug trafficking). Diaz does not dispute that he was convicted of a federal drug trafficking crime or that his conviction constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

The plain language of INA § 212(h) forecloses Diaz from receiving a waiver of removal because he was convicted of an aggravated felony. See 8 U.S.C. § 1182(h) ("No waiver shall be granted under this subsection in the case of an alien who has previously been admitted as an alien lawfully admitted for permanent residence if ... since the date of such admission the alien has been convicted of an aggravated felony."); see also Catney v. INS, 178 F.3d 190, 193–94 (3d Cir.1999). As discussed earlier, Diaz's conviction under 21 U.S.C. § 841(a) categorically constitutes an aggravated felony. Because the BIA correctly determined that Diaz is statutorily foreclosed from obtaining relief under INA § 212(h), we deny Diaz's petition for review to the extent that he seeks review of that determination.[2]

1. In 1996, the enactment of IIRIRA eliminated section 212(c) relief, effective April 1, 1997. See IIRIRA, Pub.L. No. 104–208 (1996).

2. The BIA also correctly denied Diaz relief under INA § 212(c) as his 2006 guilty plea came nearly ten years after Congress repealed that statute.

Diaz also argues that the IJ and BIA violated his constitutional rights of "due process" and "equal protection," by failing to consider the impact that his deportation will have on his family before ruling on his eligibility for a waiver of removal. As discussed earlier, the IJ ruled that Diaz is statutorily barred from obtaining a waiver under INA § 212(h) because of his prior conviction. Such a determination is not discretionary as section 212(h) specifically precludes an alien from obtaining a discretionary waiver where he has been convicted of an aggravated felony. Thus, the IJ could not consider issues such as familial hardship because he was precluded from exercising his discretion. Accordingly, Diaz's claim that the IJ and BIA violated his constitutional rights is without merit.

For all of the foregoing reasons, we will deny the petition for review. In light of our disposition, we deny Petitioner's motion to expedite as moot.